UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **KELLY R. LAWSON,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:05cv0090AS |
| | ) | |
| **INDIANA PAROLE BOARD,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about March 7, 2005, *pro se* petitioner, Kelly R. Lawson, an inmate at the Westville Correctional Center (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on June 13, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on June 27, 2005, attaching a wide array of exhibits which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the WCF in this district. The Attorney General of Indiana has suggested correctly that the Indiana Parole Board is not the appropriate and proper respondent here. Rather, Ed Buss, Superintendent of the Westville Correctional Center is and is considered as such here. To put it briefly but not disrespectfully, there is no claim here under 28 U.S.C. §2254 as against the Indiana Parole Board. The same has not been presented to the state judiciary in any way and is

foreclosed here.

This petitioner was convicted of operating a motor vehicle while intoxicated in the Allen Circuit Court at Fort Wayne, Indiana in November 2001 and was sentenced to a term of five years.  However, the sentence was suspended but in September 2002 probation was revoked, and the state trial court ordered Mr. Lawson to serve the entire sentence.  However, he was released on parole on January 15, 2004, which may raise a question of at least partial mootness.  Nonetheless, the court will proceed to give this case full treatment.

Apparently, the January 15 release is not the end of the story.  Thereafter in May 2004, it appears that Mr. Lawson was arrested and charged with theft as well as resisting law enforcement and fleeing.  The papers before this court indicate that Mr. Lawson waived the right to a preliminary hearing on or around June 10, 2004.  Proceedings were had in July 2004 in the Allen Superior Court which is distinct from the circuit, and on July 9, 2004, he was sentenced to two (2), two-year concurrent terms.  One of the resisting law enforcement counts was dismissed.

It is true that on October 15, 2004, a hearing was had by the Indiana Parole Board and Mr. Lawson's parole was revoked.  The procedures relating to the aftermath of the Indiana Parole Board hearing of October 15, 2004 are somewhat muddled, to say the least.  There is a requirement for the exhaustion of state remedies going back to *Duckworth v. Serrano*, 454 U.S. 1 (1981), a case emanating from this court.  The plain facts are with regard to the proceedings of the Indiana Parole Board, no filings were made in the Indiana court system

2

and there is a definite failure to comply with the procedural demands of *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). There are available state remedies that must be exhausted. *See Moore v. Duckworth,* 581 F.2d 639 (7th Cir. 1978)*, aff'd,* 443 U.S. 713 (1979). With regard to state decisions addressing parole revocations, see *Majors v. Broglin*, 531 N.E. 2d 189 (Ind. 1989), and *Hawkins v. Jenkins*, 268 Ind. 137, 374 N.E. 2d 496 (1978).

This court is most certainly aware of the procedural demands of *Morrissey v. Brewer*, 408 U.S. 471 (1972), but the procedural posture of this case does not require or even permit this court to launch into a possible application of *Morrissey* to the facts of this case. It is important to note that Mr. Lawson is not <u>now</u> in custody on the parole revocation but on new and fresh convictions and sentences in a different state court albeit in the same county.

This court notes in the wide array of filings in this case a decision which appears to be on August 25, 2004 by Judge Robert J. Lowe of the Putnam Superior Court in Greencastle, Indiana. This court is not the proper venue to attempt a direct common law appeal of that decision.

For all of these reasons, there is no basis for relief presented here by Mr. Lawson under 28 U.S.C. §2254, and such is now **DENIED**. **IT IS SO ORDERED**.

**DATED:** July 5, 2005

                                             s/ ALLEN SHARP
                                             **ALLEN SHARP, JUDGE**
                                             **UNITED STATES DISTRICT COURT**